UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILLIAM CORBIN, III,<br><br>              Petitioner,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF JUSTICE, et al.,<br><br>              Respondent. | NO. CV 15-3940-ODW (JEM)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON PETITIONER NOT BEING "IN CUSTODY" |

      On May 26, 2015, James William Corbin, III ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, alleging that the plea agreement underlying his 1983 conviction and/or sentence for indecent exposure (Cal. Penal Code § 314) was breached. (Petition at 1-10).[1]

      "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook (Cook), 490 U.S. 488, 490, 109 S.Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3); emphasis in original); see also 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in

---

[1] For ease of reference, the Court labels and refers to the pages in the Petition in consecutive order, i.e., 1-10.

behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas Petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Cook, 490 U.S. at 490-91, 109 S.Ct. at 1925; Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010). This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833 (1973); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560 (1968); see also Fay v. Noia, 372 U.S. 391, 430-31, 83 S.Ct. 822, 844 (1963), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546 (1991) (Habeas corpus "lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power[.]").

According to the Petition, on January 5, 1983, Petitioner was convicted of misdemeanor indecent exposure and sentenced to probation for two years. Petitioner filed the instant Petition on May 26, 2015, many years after his two-year probationary sentence ended with respect to his 1983 misdemeanor conviction. Moreover, in response to question 1(a) of the form Petition concerning "Place of Detention", Petitioner responded "None". (Petition at 2.) The Ninth Circuit has held that registration under a sex registration statute does not constitute "custody" within the meaning of § 2254(a). Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999), cert. denied, 528 U.S. 963 (1999) (California statute); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon statute); Williamson v. Gregoire, 151 F.3d 1180, 1184 (9th Cir. 1998), cert. denied, 525 U.S. 1081 (1999) (Washington statute).

In light of the foregoing, within **fourteen (14) days** of the date of this Order, Petitioner is ORDERED to show cause, in writing, why this action should not be dismissed for lack of subject matter jurisdiction because Petitioner was not "in custody" when he filed the Petition. If Petitioner asserts that he is "in custody" or was "in custody" when he filed the Petition, his response to this Order to Show Cause must expressly so state and must explain the basis for such assertion under penalty of perjury.

Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of this action for lack of subject matter jurisdiction based on Petitioner not being in custody and/or in the dismissal of this action based on Petitioner's failure to comply with the Court's Order to Show Cause and/or failure to prosecute.

In the event Petitioner concedes that he is not "in custody," and accordingly, that dismissal is appropriate based on lack of subject matter jurisdiction, he may expedite matters by signing and returning the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action.

IT IS SO ORDERED.

DATED: June 12, 2015         */s/ John E. McDermott*
                              JOHN E. MCDERMOTT
                              UNITED STATES MAGISTRATE JUDGE